IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Dominic Fowler,<br><br>   Plaintiff,<br>v.<br><br>P.N. Financial, Inc.; and DOES 1-10, inclusive,<br><br>   Defendants. | Civil Action No.: 1:13-cv-00463<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Dominic Fowler, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. The Plaintiff, Dominic Fowler ("Plaintiff"), is an adult individual residing in Eaton Rapids, Michigan, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant P.N. Financial, Inc. ("P.N. Financial"), is an Illinois business entity with an address of 4836 Main Street, Suite 112, Skokie, IL 60077, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

1

5. Does 1-10 (the "Collectors") are individual collectors employed by P.N. Financial and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. P.N. Financial at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $1,582.00 (the "Debt") to Citi Financial (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to P.N. Financial for collection, or P.N. Financial was employed by the Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. P.N. Financial Engages in Harassment and Abusive Tactics

11. On or about April 18, 2013, Plaintiff received Defendants' initial demand letter in an attempt to collect the Debt.

12. On or about April 19, 2013, Plaintiff called Defendants to dispute the Debt as it was paid off years ago.

13. Furthermore, Plaintiff requested validation of the Debt, including the Creditor's account number.

14. Defendants refused to disclose the Creditor's account number or send validation of the Debt to Plaintiff.

15. Furthermore, Defendants stated they would commence with legal action against Plaintiff.

16. Upon information and belief, no such suit has been initiated.

17. Defendants' threat to take legal action on the Debt within 30 days of Plaintiff's receipt of their initial demand letter overshadowed and contradicted Plaintiff's right to dispute the Debt.

### C. **Plaintiff Suffered Actual Damages**

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character and legal status of the Debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

25. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

27. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendants' violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Punitive damages against Defendants; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 29, 2013

                                                Respectfully submitted,

                                                By: /s/ Sergei Lemberg, Esq.
                                                Attorney for Plaintiff Dominic Fowler
                                                LEMBERG & ASSOCIATES L.L.C.
                                                1100 Summer Street
                                                Stamford, CT 06905
                                                Telephone: (203) 653-2250
                                                Facsimile:   (888) 953-6237
                                                Email: slemberg@lemberglaw.com